**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | : | |
|---|---|---|
| In Re: AUTOMOTIVE PARTS | : | 12-md-02311 |
| ANTITRUST LITIGATION | : | Honorable Marianne O. Battani |
| | : | |
| | : | |
| In Re: WIRE HARNESS CASES | : | |
| | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | 12-cv-00101-MOB-MKM |
| ALL DIRECT PURCHASER CLASS | : | |
| ACTION CASES | : | |
| | : | |

**DIRECT PURCHASER PLAINTIFFS' MOTION FOR AN ORDER DIRECTING DEFENDANTS IN THE DIRECT PURCHASER CLASS ACTION WIRE HARNESS CASES TO IDENTIFY SETTLEMENT CLASS MEMBERS FOR THE PURPOSE OF DISSEMINATING NOTICE OF THE PROPOSED SETTLEMENT WITH DEFENDANT LEAR CORPORATION**

NOW COME Direct Purchaser Plaintiffs, by and through counsel, and hereby move for an Order directing the Defendants in the direct purchaser Wire Harness Class Action Cases to furnish the names and addresses of the direct purchasers of Wire Harness Products from them during the Settlement Class Period to Plaintiffs' Interim Co-Lead Counsel within thirty (30) days of the date of the order. This Motion is supported by the accompanying Brief.

A proposed Order has been submitted to the Court via ECF utility.

Pursuant to Local Rule 7.1(a), counsel for Direct Purchaser Plaintiffs conferred with Defendants' counsel in connection with this matter and, in light of the compromise reached in the Instrument Panel Clusters case, requested that Defendants agree to produce their customer information within sixty (60) days. Defendants' counsel has agreed to consider the request and advise whether a similar compromise can be reached here. While Direct Purchaser Plaintiffs are hopeful that the parties will be able to resolve this matter on their own, the instant motion seeks Defendants' customer information within thirty days.

WHEREFORE, Direct Purchaser Plaintiffs respectfully request that the Court grant their motion and direct the Defendants to furnish the names and addresses of the customers that were direct purchasers of Wire Harness Products from them during the Settlement Class Period to Plaintiffs' Interim Co-Lead Counsel within thirty (30) days of the date of the order.

DATED: May 16, 2014                     Respectfully submitted,

/s/ David H. Fink_____
David H. Fink (P28235)
Darryl Bressack (P67820)
FINK + ASSOCIATES LAW
100 West Long Lake Road, Suite 111
Bloomfield Hills, MI 48304
(248) 971-2500

Interim Liaison Counsel for the Direct Purchasers

| | |
|---|---|
| Steven A. Kanner | Joseph C. Kohn |
| William H. London | William E. Hoese |
| Michael E. Moskovitz | Douglas A. Abrahams |
| Michael L. Silverman | KOHN, SWIFT & GRAF, P.C. |
| FREED KANNER LONDON | One South Broad Street, Suite 2100 |
| & MILLEN LLC | Philadelphia, PA  19107 |
| 2201 Waukegan Road, Suite 130 | Telephone:  (215) 238-1700 |
| Bannockburn, IL  60015 | |
| Telephone:  (224) 632-4500 | |
| | |
| Gregory P. Hansel | Eugene A. Spector |
| Randall B. Weill | William G. Caldes |
| Michael S. Smith | Jonathan M. Jagher |
| PRETI, FLAHERTY, BELIVEAU | Jeffrey L. Spector |
| & PACHIOS LLP | SPECTOR ROSEMAN KODROFF |
| One City Center, P.O. Box 9546 | & WILLIS, P.C. |
| Portland, ME  04112-9546 | 1818 Market Street, Suite 2500 |
| Telephone:  (207) 791-3000 | Philadelphia, PA  19103 |
| | Telephone:  (215) 496-0300 |

Interim Co-Lead Counsel for the Direct Purchasers

2

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: WIRE HARNESS CASES | : : : | |
| THIS DOCUMENT RELATES TO:<br>ALL DIRECT PURCHASER CLASS ACTION CASES | : : : : | 12-cv-00101-MOB-MKM |

**BRIEF IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION FOR AN ORDER DIRECTING DEFENDANTS IN THE DIRECT PURCHASER CLASS ACTION WIRE HARNESS CASES TO IDENTIFY SETTLEMENT CLASS MEMBERS FOR THE PURPOSE OF DISSEMINATING NOTICE OF THE PROPOSED SETTLEMENT WITH DEFENDANT LEAR CORPORATION**

**STATEMENT OF THE ISSUES PRESENTED**

Whether, in order to facilitate a timely settlement with Defendant Lear Corporation, non-settling Defendants should be ordered to furnish the names and addresses of the direct purchasers of Wire Harness Products from them during the Settlement Class Period.

Direct Purchaser Plaintiffs Answer: Yes

Defendants Answer: No

# CONTROLLING OR MOST APPROPRIATE AUTHORITIES

**Cases**

*In re Packaged Ice Antitrust Litig.*, 2011 WL 717519 (E.D. Mich. Feb. 22, 2011) ........................ 3

**Rules**

Fed. R. Civ. P. 23(b)(3) ................................................................................................................... 3

Fed. R. Civ. P. 23(c)(2)(B) .............................................................................................................. 3

Fed. R. of Civ. P. 23(e)(1) .............................................................................................................. 3

**INTRODUCTION**

Direct Purchaser Plaintiffs ("DPP"), on behalf of a Settlement Class composed of direct purchasers of Wire Harness Products in the United States, have reached a settlement with defendant Lear Corporation. The settlement requires Lear to provide cash and securities with a guaranteed total value of $4.75 million and to cooperate with Plaintiffs in the prosecution of their claims against the remaining Defendants. As the terms of the settlement implicate Lear Corporation's Chapter 11 bankruptcy case, Lear Corporation has filed a motion with the United States Bankruptcy Court for the Southern District of New York (Case No. 09-14326 (ALG)) ("Bankruptcy Court"), seeking the Bankruptcy Court's approval of the settlement. If the Bankruptcy Court approves the settlement, enters a final order to that effect and such order is not appealed, DPP will promptly submit a motion asking this Court to enter a Preliminary Approval Order that: provisionally certifies a settlement class; finds that the settlement with Lear is sufficiently fair, reasonable and adequate to justify the dissemination of notice; approves proposed notices and a plan for their dissemination; and schedules a final fairness hearing.

The proposed notice plan contemplated by the settlement agreement between DPP and Lear Corporation includes individual notice of the settlement by U.S. mail to the Settlement Class members. In order to provide such notice, however, DPP will need the names and addresses of all Defendants'[1] customers of Wire Harness Products[2] during the Settlement Class

---

[1] The Defendants in the direct purchaser Wire Harness Class Action Cases are as follows: Lear Corporation, Denso Corporation, Denso International America, Inc., Fujikura Ltd., Fujikura Automotive America LLC, Furukawa Electric Co., Ltd., American Furukawa, Inc., Furukawa Wiring Systems America, Inc., G.S. Electech, Inc., G.S. Wiring Systems Inc., G.S.W. Manufacturing, Inc., Sumitomo Electric Industries, Ltd., Sumitomo Wiring Systems, Ltd., Sumitomo Electric Wiring Systems, Inc., K&S Wiring Systems, Inc., Sumitomo Wiring Systems (U.S.A.), Yazaki Corporation, Yazaki North America, Inc., Tokai Rika Co., Ltd., and TRAM, Inc.

Period. As part of the settlement, Lear Corporation has agreed to provide this information with respect to its customers. But DPP will need all of the other Defendants in the Wire Harness Class Action Cases to provide the names and addresses of their customers of Wire Harness Products during the Settlement Class Period as well.

Recently, in connection with the proposed settlement with Nippon Seiki in the Instrument Panel Clusters case, counsel for DPP requested that the Court order production of information about the Instrument Panel Clusters defendants' customers for the purpose of providing notice to Settlement Class members in connection with that settlement. The proposed order in that case requested that defendants Denso and Yazaki (who are defendants in this case and the Instrument Panel Clusters case) produce their customer information within twenty-one (21) days. Denso and Yazaki filed a response to the motion offering to produce the information within ninety (90) days. After meeting and conferring on the matter, the parties agreed that the information would be provided within sixty (60) days. In light of the compromise reached in the Instrument Panel Clusters case, counsel for DPP are hopeful that the parties will be able to resolve this matter on their own. The instant Motion is filed in the event that a compromise cannot be reached.

## ARGUMENT

Federal Rule of Civil Procedure 23(e)(1) provides that a court must direct notice in a "reasonable manner" to all class members who would be bound by a proposed settlement. For class actions certified under Rule 23(b)(3), the court must also "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

---

[2] Wire Harness Products include wire harnesses and the following related products: automotive electrical wiring, lead wire assemblies, cable bond, automotive wiring connectors, automotive wiring terminals, high voltage wiring, electronic control units, fuse boxes, relay boxes, junction blocks, power distributors and speed sensor wire assemblies used in motor vehicles.

2

The proposed notice plan provides for individual mailed notice and publication notice to the Settlement Class members in order to satisfy the Rule 23 requirements.[3] Notice will be sent by first class mail, postage prepaid, to all purchasers of Wire Harness Products identified by Defendants as potential Settlement Class members. Plaintiffs believe that the proposed notice plan satisfies the requirements of Federal Rule of Civil Procedure 23 and due process. *See In re Packaged Ice Antitrust Litig.*, 2011 WL 717519, at *5 (E.D. Mich. Feb. 22, 2011)(individual notice by mail and publication of summary notice in *The Wall Street Journal*) (Exhibit 1).

When names and addresses of class members can be obtained using reasonable effort, individual mailed notice is the preferred method. In order to ensure effective notice to the Settlement Class members, Lear has agreed to provide the names and addresses of its Wire Harness Products direct purchasers during the Settlement Class Period of January 1, 2000 through May 5, 2014.[4] But, in order to provide individual mailed notice to all direct purchasers of Wire Harness Products during the Settlement Class Period from the non-settling Defendants, Settlement Class Counsel will need the names and addresses of their customers, which reside with those Defendants. Thus, Settlement Class Counsel requests that the Court order the non-settling Defendants to furnish the names and addresses of their Wire Harness Products customers within thirty days of the date of the Court's order.

---

[3] The detailed mailed notice will also be provided to all persons who request it in response to the summary notice.

In addition, copies of the detailed mailed notice will also be posted on a website dedicated to this litigation and summary notice will be published in one national edition of *The Wall Street Journal* and in one edition of *Automotive News*.

[4] Plaintiffs and Lear seek certification, for purposes of the settlement only, of the following Settlement Class: All individuals and entities that purchased Wire Harness Products in the United States directly from one or more Defendants from January 1, 2000 through May 5, 2014.

3

This case is no different than most other direct purchaser antitrust cases in this regard. For example, in the *Packaged Ice Antitrust Litigation* before Judge Borman, settlements were reached with the various defendants at different times. In connection with the first settlement with one of the defendants, the court ordered that all of the defendants provide the names and addresses of their direct purchaser customers to class counsel so that the notice of that settlement could be provided by mail to the settlement class members. *In re Packaged Ice Antitrust Litigation*, 08-MD-01952, Dkt No. 285, Order Granting Preliminary Approval of Proposed Settlement Between the Direct Purchaser Plaintiffs and the Home City Ice Company and Authorizing the Dissemination Of Notice, at 4, ¶ 6 (ED Mich. Sept. 2, 2010)(Borman, J.)(Exhibit 2). The purchaser information was to be provided in electronic or machine readable formats to the extent possible. *Id*. In addition, the purchaser information was to be treated confidentially. *Id*. The proposed order attached to this motion likewise provides that the purchaser information will be treated confidentially, and that information will not be disclosed to anyone outside of the Interim Co-Lead Counsel and Liaison firms, except to the Court *in camera* and to vendors selected to assist in the preparation and dissemination of the notice.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion and direct the Defendants in the direct purchaser Wire Harness Class Action Cases to furnish the names and addresses of customers that were direct purchasers of Wire Harness Products from them during the Settlement Class Period to Plaintiffs' Interim Co-Lead Counsel within thirty (30) days of the date of the order. A proposed form of order accompanies this motion.

DATED: May 16, 2014                    Respectfully submitted,

                                                                         */s/ David H. Fink*
David H. Fink (P28235)
Darryl Bressack (P67820)
FINK + ASSOCIATES LAW
100 West Long Lake Road, Suite 111
Bloomfield Hills, MI 48304
(248) 971-2500

Interim Liaison Counsel for the Direct Purchasers

| | |
|---|---|
| Steven A. Kanner | Joseph C. Kohn |
| William H. London | William E. Hoese |
| Michael E. Moskovitz | Douglas A. Abrahams |
| Michael L. Silverman | KOHN, SWIFT & GRAF, P.C. |
| FREED KANNER LONDON | One South Broad Street, Suite 2100 |
|   & MILLEN LLC | Philadelphia, PA  19107 |
| 2201 Waukegan Road, Suite 130 | Telephone:  (215) 238-1700 |
| Bannockburn, IL  60015 | |
| Telephone:  (224) 632-4500 | |
| | |
| Gregory P. Hansel | Eugene A. Spector |
| Randall B. Weill | William G. Caldes |
| Michael S. Smith | Jonathan M. Jagher |
| PRETI, FLAHERTY, BELIVEAU | Jeffrey L. Spector |
|   & PACHIOS LLP | SPECTOR ROSEMAN KODROFF |
| One City Center, P.O. Box 9546 |   & WILLIS, P.C. |
| Portland, ME  04112-9546 | 1818 Market Street, Suite 2500 |
| Telephone:  (207) 791-3000 | Philadelphia, PA  19103 |
| | Telephone:  (215) 496-0300 |

Interim Co-Lead Counsel for the Direct Purchasers

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2014, I electronically filed the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to all counsel of record registered for electronic filing.

                                              FINK + ASSOCIATES LAW

                                              By: /s/David H. Fink
                                              David H. Fink (P28235)
                                              Darryl Bressack (P67820)
                                              100 West Long Lake Road, Suite111
                                              Bloomfield Hills, MI  48304
                                              (248) 971-2500
                                              dfink@finkandassociateslaw.com