**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

———————————————————— :
In Re:  AUTOMOTIVE PARTS : 12-MD-02311
ANTITRUST LITIGATION : **Honorable Marianne O. Battani**
———————————————————— :
 :
In Re: WIRE HARNESS CASES : 
———————————————————— :
 :
THIS RELATES TO: : 
ALL DIRECT PURCHASER CASES : **12-cv-00101-MOB-MKM**
———————————————————— :

**ORDER GRANTING**
**PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT, CERTIFYING**
**SETTLEMENT CLASS AND AUTHORIZING DISSEMINATION OF NOTICE**

THIS MATTER coming to be heard on Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Defendant Lear Corporation and for Authorization to Disseminate Notice to the Direct Purchaser Settlement Class, filed June 11, 2014 (the "Motion"), the Court having reviewed the Motion, its accompanying Brief and the exhibits thereto, the Settlement Agreement, the pleadings, and other papers on file in this action, hereby finds the motion should be **GRANTED**, as set forth below:

**Preliminary Approval of Settlement**

1.    Terms capitalized in this Order and not otherwise defined herein have the same meanings as those used in the Settlement Agreement.

2.    This Court has jurisdiction over this action and each of the parties to the Settlement Agreement.  Upon review of the record, the Court finds that the proposed settlement, which was arrived at by arm's-length negotiations by highly experienced counsel, falls within the range of possible approval and is hereby preliminarily approved, subject to further consideration at a final approval hearing (the "Fairness Hearing").  The Court further finds there is a sufficient basis for notifying the class of the proposed settlement and for enjoining class members from proceeding in any other action pending the conclusion of the Fairness Hearing.

**Settlement Class Certification**

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed settlement, the Court hereby finds that the prerequisites for a class action have been met and provisionally certifies the following class for settlement purposes only (the "Settlement Class"):

> All individuals and entities that purchased Wire Harness Products in the United States directly from one or more Defendants from January 1, 2000 through May 5, 2014.

4.      The Court finds that the prerequisites to a class action under Rule 23 are satisfied for settlement purposes only in that:

(a)      The Settlement Class is sufficiently numerous and geographically dispersed across the United States so that joinder is sufficiently impracticable, satisfying the numerosity requirement;

(b)      There are sufficient legal and factual issues common to the Settlement Class to meet the commonality requirement, including, but not limited to whether:

- Defendants engaged in a contract, combination, or conspiracy to rig bids for, or to raise, fix, maintain, or stabilize prices of, Wire Harness Products sold in the United States;

- Defendants agreed to allocate the supply of Wire Harness Products sold to direct purchasers in the United States;

- Defendants' conduct caused Wire Harness Products to be sold in the United States at artificially high prices;

- Direct Purchaser Plaintiffs and other members of the Settlement Class were injured by Defendants' conduct, and, if so, the appropriate classwide measure of damages for Settlement Class Members; and

- Direct Purchaser Plaintiffs and other members of the Settlement Class are entitled to injunctive relief and, if so, the nature and extent of such relief.

(c)     Direct Purchaser Plaintiffs' and the Settlement Class's claims arise out of the same alleged conduct and are based upon the same legal theories and therefore satisfy the typicality requirement;

(d)     Mexican Industries in Michigan, Inc. by and through Timothy Miller, its Trustee in Bankruptcy; Paesano Connecting Systems, Inc.; Craft-Co Enterprises, Inc.; Findlay Industries, Inc.; Cesar-Scott, Inc.; Martinez Manufacturing, Inc.; and South Star Corporation have retained experienced counsel and do not have interests antagonistic to the class, so these Plaintiffs will fairly and adequately represent the Settlement Class and protect its interests; and

(e)     The Court also finds that common issues predominate over any individual issues affecting the members of the Settlement Class and that settlement of these Actions on a class basis is superior to other means of adjudicating this matter.

### Appointment of Settlement Class Representatives and Counsel

5.     The Court appoints plaintiffs Mexican Industries in Michigan, Inc. by and through Timothy Miller, its Trustee in Bankruptcy; Paesano Connecting Systems, Inc.; Craft-Co Enterprises, Inc.; Findlay Industries, Inc.; Cesar-Scott, Inc.; Martinez Manufacturing, Inc.; and South Star Corporation  (collectively "Direct Purchaser Plaintiffs") as class representatives of the Settlement Class.

6.     The Court appoints Freed Kanner London & Millen LLC; Kohn, Swift & Graf, P.C.; Preti, Flaherty, Beliveau & Pachios LLP; and Spector Roseman Kodroff & Willis, P.C. to serve as Co-Lead Counsel for the Direct Purchaser Settlement Class ("Class Plaintiffs' Co-Lead Counsel").

### Class Notice

7.     The Court approves the form and contents of the long form of notice ("Notice") and the Summary Notice ("Summary Notice") attached hereto as Exhibits A and B.

8.     The Court finds that taken together, mailing of the long form of Notice, publication of the Summary Notice, and Internet posting of the Notice and the Summary Notice, are (i) the best practicable notice; (ii) reasonably calculated, under the circumstances, to apprise

settlement class members of the proposed settlement and their right to object or to exclude themselves from the proposed settlement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States and any other applicable requirements under federal law.

9.      Notice to members of the Settlement Class, except statutory notice required to be given by Defendants pursuant to 28 U.S.C. § 1715, shall be the responsibility of Class Plaintiffs' Co-Lead Counsel.

10.      Class Plaintiffs' Co-Lead Counsel shall cause the Notice, in substantially the same form as Exhibit A, to be sent by first class mail, postage prepaid, on or before August 18, 2014 to all members of the Settlement Class whose names and addresses can be derived from information produced by Defendants.  The Notice shall be posted on the Internet on a website dedicated to this litigation and shall be provided to all persons who request it in response to the published Summary Notice provided for in Paragraph 7 herein.  Class Plaintiffs' Co-Lead Counsel are hereby directed to cause a Summary Notice, in substantially the same form as Exhibit B, to be published, on or before August 25, 2014, on one occasion in the national edition of *The Wall Street Journal* and in one edition of *Automotive News*. The Summary Notice shall also be posted on the website established by Class Plaintiffs' Co-Lead Counsel in connection with this litigation.  At or before the Final Approval Hearing, Class Plaintiffs' Co-Lead Counsel shall file evidence of the dissemination of notice in accordance with this Order.

11.      The reasonable costs of notification to potential Settlement Class Members, including printing, mailing, and publication of all required notices, shall be paid out of the Settlement Amount.

## **Final Approval**

12.      Class Plaintiffs' Co-Lead Counsel shall file with the Court and serve on the parties their motion for final approval of the Settlement Agreement and any other appropriate motion papers related to final approval on or before October 7, 2014.

13.     The Court will hold a hearing (the "Fairness Hearing") on **December 3, 2014, at 1:00 p.m.**, at the Theodore Levin U.S. Courthouse, Courtroom 272, 231 West Lafayette Blvd., Detroit MI, 48226, to determine the fairness, reasonableness, and adequacy of the proposed settlement with Lear, whether a final judgment should be entered thereon, and whether to grant any other appropriate motion papers related to final approval. Any member of the Settlement Class who follows the procedure set forth in the notices may appear and be heard at this hearing. The Fairness Hearing may be continued without further notice.

### Exclusion Rights and Procedure

14.     Each class member who follows the procedure set forth in the Notice shall have the right to be excluded from the Settlement Class by mailing a request for exclusion, postmarked no later than October 17, 2014.  Requests for exclusion must be in writing and must otherwise comply with the requirements set forth in the Notice.

15.     Except for those potential members of the Settlement Class who file a timely and proper request for exclusion, all others will be deemed members of the Settlement Class for all purposes under the Settlement Agreement.  All members of the Settlement Class shall be bound by the Settlement Agreement and by all subsequent proceedings, orders, and judgments in this Action.  No Settlement Class member who elects to opt out of the Settlement Class pursuant to these provisions will be entitled to relief under or be affected by the Settlement Agreement.

### Objections to the Settlement or to the Request for Expenses

16.     Any Settlement Class Member who has not requested exclusion from the Settlement Class and who wishes to object to the fairness, reasonableness or adequacy of this settlement or to the request for expenses must do so no later than October 17, 2014.  Any objection must be in writing and must otherwise comply with the requirements set forth in the Notice.  Settlement Class Members may so act either on their own or through any attorney hired at their own expense.  Class Plaintiffs' Co-Lead Counsel or Counsel for Lear may file

memoranda of law responding to any objections of members of the Settlement Class filed with the Court.

17.     No person shall be entitled to contest the approval of the terms and conditions of the settlement or the Final Judgment requested therein except by filing and serving written objections in accordance with the provisions of this Order.  Any member of the Settlement Class who does not submit a timely written objection in compliance with all of the procedures set forth in the Notice and this Order will be deemed to and shall have waived all such objections and will, therefore, be bound by all proceedings, orders, and judgments in this case, which will be preclusive in all pending or future lawsuits or other proceedings.

**<u>Other Provisions</u>**

18.     Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

19.     As of the date of the entry of this Order, Direct Purchaser Plaintiffs and all members of the Settlement Class shall be preliminarily enjoined from commencing, prosecuting, or continuing any action against Lear based upon or related to the Released Claims pending Final Approval of the settlement or until such time as this Court lifts such injunction by subsequent order, except in connection with preliminary or final approval of the Lear settlement.

20.     The Court approves the establishment of an escrow account, as set forth in the Settlement Agreement and the Escrow Agreement, as a "Qualified Settlement Fund" pursuant to Treas. Reg. §1.468B-1.  The Court retains continuing jurisdiction over any issues regarding the formation or administration of the escrow account.  Class Plaintiffs' Co-Lead Counsel and their designees are authorized to expend funds from the escrow account to pay taxes, tax expenses, Escrow Account expenses, and Notice costs, as set forth in the Settlement Agreement.

21.     In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement,

and without prejudice to the *status quo ante* rights of Direct Purchaser Plaintiffs, Lear, or the members of the Settlement Class.

22.     If the Settlement Agreement is terminated or is ultimately not approved, the Court will modify any existing schedule to ensure that the Direct Purchaser Plaintiffs and Lear will have sufficient time to prepare for the resumption of litigation, including but not limited to the completion of discovery, preparation of expert reports, the filing of class certification motion(s), the filing of summary judgment motion(s), and preparation for trial.

23.     The Direct Purchaser Plaintiffs and Lear have agreed, and the Court so orders, that this Settlement Agreement and its contents, including its exhibits, and any and all statements, negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing or of the truth of any of the claims, allegations, or defenses contained in the complaints in the Actions or any other pleading or filing, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, whether in the Actions or in any other action or proceeding.   Neither this Settlement Agreement, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out its terms by Lear, shall be referred to, offered as evidence, or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce this Settlement Agreement, or to defend against the assertion of the Released Claims, or as otherwise required by law.

24.     The Court's provisional certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest certification of any other class proposed in these coordinated actions.  The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any Defendant's motion; and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

25.     The litigation against Lear in the Actions is stayed except as provided for in the Settlement Agreement.

**IT IS SO ORDERED.**

Date:   July 9, 2014                              s/Marianne O. Battani
                                                 MARIANNE O. BATTANI
                                                 United States District Judge


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 9, 2014.

                                                 s/ Kay Doaks
                                                 Case Manager

# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

—————————————————— :
                                            :
**In Re:  AUTOMOTIVE PARTS**        :        **12-md-02311**
**ANTITRUST LITIGATION**           :        **Honorable Marianne O. Battani**
——————————————————:
                                            :
**In Re: WIRE HARNESS CASES**       :
——————————————————:
                                            :
**THIS DOCUMENT RELATES TO:**      :        **12-cv-00101-MOB-MKM**
**ALL DIRECT PURCHASER CASES**      :
—————————————————— :

**NOTICE OF PROPOSED SETTLEMENT OF DIRECT PURCHASER
CLASS ACTION WITH DEFENDANT LEAR CORPORATION
AND HEARING ON SETTLEMENT APPROVAL**

TO:    ALL PERSONS AND ENTITIES WHO PURCHASED WIRE HARNESS PRODUCTS
       IN THE UNITED STATES DIRECTLY FROM A DEFENDANT DURING THE
       PERIOD FROM JANUARY 1, 2000 THROUGH MAY 5, 2014.

       PLEASE READ THIS ENTIRE NOTICE CAREFULLY.  YOUR LEGAL RIGHTS
       MAY BE AFFECTED BY LITIGATION NOW PENDING IN THIS COURT.

**WHAT IS THE PURPOSE OF THIS NOTICE AND WHY WAS IT SENT TO ME?**

       This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an

Order of the United States District Court for the Eastern District of Michigan, Southern Division.

The purpose of this Notice is to inform you of a proposed settlement with Defendant Lear

Corporation ("Lear").  Under the terms of the proposed settlement, Lear has made a payment of

cash and securities with a total value of $4.75 million (the "Settlement Fund"), and will provide

certain information that the Direct Purchaser Plaintiffs may use in the prosecution of their

remaining claims.

       This litigation is part of coordinated legal proceedings involving a number of parts used

in motor vehicles.  The litigation, and the proposed settlement, relate solely to Wire Harness

Products purchased directly from a Defendant.  These proceedings do not relate to, and have no effect upon, cases involving any other product or purchaser.

Wire harnesses are electrical distribution systems used to direct and control electronic components, wiring, and circuit boards in motor vehicles.  "Wire Harness Products," for purposes of the Lear settlement, means wire harnesses and the following related products: automotive electrical wiring, lead wire assemblies, cable bond, automotive wiring connectors, automotive wiring terminals, high voltage wiring, electronic control units, fuse boxes, relay boxes, junction blocks, power distributors, and speed sensor wire assemblies used in motor vehicles.

If you purchased Wire Harness Products in the United States directly from any of the Defendants identified below during the period from January 1, 2000 through May 5, 2014 (the "Settlement Class Period"), you are a member of the Direct Purchaser Settlement Class and have the rights and options summarized here:

- You may remain in the Direct Purchaser Settlement Class and be eligible to share in the Lear Settlement Fund under a claims procedure that will be instituted in the future;

- You may exclude yourself from the Direct Purchaser Settlement Class, in which case you will **not** be bound by the settlement and will **not** be eligible to share in the Lear Settlement Fund;

- If you do not exclude yourself from the Direct Purchaser Settlement Class, you may object in writing to the proposed Lear settlement or the request to use a portion of the Settlement Fund to pay litigation expenses and appear at the hearing where the Court will determine whether the proposed settlement should be approved as fair, adequate, and reasonable and whether a portion of the Settlement Fund may be used to pay litigation expenses; and

- You may enter an appearance in the litigation through your own counsel at your own expense.

You do **not** need to take any action at this time if you wish to remain in the Direct Purchaser Settlement Class.  You should retain all of your records of Wire Harness Products purchases for use in the claims procedure that will be instituted at a later date.

## WHO IS IN THE DIRECT PURCHASER SETTLEMENT CLASS?

On _____, 2014, the Court certified a Direct Purchaser Settlement Class for purposes of disseminating notice of the proposed Lear settlement, defined as follows:

> All individuals and entities that purchased Wire Harness Products in the United States directly from one or more Defendants from January 1, 2000 through May 5, 2014.

For purposes of the settlement with Lear and specifically with respect to the Direct Purchaser Settlement Class definition set forth above, the following entities are Defendants:

Denso Corporation;
Denso International America, Inc.;
Fujikura Ltd.;
Fujikura Automotive America LLC;
Furukawa Electric Co., Ltd.;
American Furukawa, Inc.;
Furukawa Wiring Systems America, Inc. f/k/a Furukawa Lear
    Corporation and Lear Furukawa Corporation;
G.S. Electech, Inc.;
G.S. Wiring Systems Inc.;
G.S.W. Manufacturing, Inc.;
Lear Corporation;
Sumitomo Electric Industries, Ltd.;
Sumitomo Wiring Systems, Ltd.;
Sumitomo Electric Wiring Systems, Inc.;
K&S Wiring Systems, Inc.;
Sumitomo Wiring Systems (U.S.A.);
Yazaki Corporation;
Yazaki North America, Inc.;
Tokai Rika Co., Ltd.; and
TRAM, Inc.

Direct Purchaser Plaintiffs Mexican Industries in Michigan, Inc. by and through Timothy Miller, its Trustee in Bankruptcy; Paesano Connecting Systems, Inc.; Craft-Co Enterprises, Inc.; Findlay Industries, Inc.; Cesar-Scott, Inc.; Martinez Manufacturing, Inc.; and South Star Corporation have been appointed by the Court to serve as class representatives for the Direct Purchaser Settlement Class.  The Court has appointed the law firms of Freed Kanner London & Millen LLC; Kohn, Swift & Graf, P.C.; Preti, Flaherty, Beliveau & Pachios LLP; and Spector Roseman Kodroff & Willis, P.C. to serve as Co-Lead Counsel for the Direct Purchaser Settlement Class (hereinafter, "Class Plaintiffs' Co-Lead Counsel").

## WHAT IS THIS LITIGATION ABOUT?

Beginning in 2011, class actions were filed against Defendants by direct purchasers of Wire Harness Products.  Those lawsuits have been consolidated before the Court.  Direct Purchaser Plaintiffs allege that Defendants entered into a conspiracy to suppress and eliminate competition for Wire Harness Products by agreeing to rig bids for, and to raise, fix, stabilize, or maintain the prices of, Wire Harness Products, in violation of federal antitrust laws.  Direct Purchaser Plaintiffs further allege that as a result of the conspiracy, they and other direct purchasers of Wire Harness Products have been injured by paying more for those products than they would have paid in the absence of the alleged illegal conduct, and they seek recovery of treble damages, together with reimbursement of costs and an award of attorneys' fees.

Lear denies Direct Purchaser Plaintiffs' allegations, and has agreed to settle this matter in order to avoid the expense and burden of further litigation. The Court has not issued any findings or rulings with respect to the merits of Direct Purchaser Plaintiffs' claims or Defendants' defenses.  This is a settlement with Lear only.  The Direct Purchaser Plaintiffs are continuing to prosecute the case against the remaining, non-settling Defendants.

## WHAT RELIEF DOES THE PROPOSED SETTLEMENT PROVIDE?

Direct Purchaser Plaintiffs, on behalf of the Direct Purchaser Settlement Class, have entered into a settlement agreement with Lear dated May 5, 2014 (the "Settlement Agreement") under which Lear agreed to pay the amount of $4.75 million in cash and securities.  Lear has also agreed to provide the Direct Purchaser Plaintiffs with certain information that the Direct Purchaser Plaintiffs may use in their prosecution of their remaining claims.  The cooperation provided for under the Settlement Agreement includes: (a) the production by Lear of certain documents and data potentially relevant to Direct Purchaser Plaintiffs' claims; (b) interviews with certain of Lear's officers, directors, and employees; (c) and the assistance of Lear in understanding the information produced to Direct Purchaser Plaintiffs and facilitating the use of such information at trial.

Class Plaintiffs' Co-Lead Counsel agreed to the proposed settlement to ensure a fair and reasonable resolution to this matter, and to provide benefits to the members of the Direct Purchaser Settlement Class while recognizing the existence of complex, contested issues of law and fact (including that Lear is not part of the Department of Justice's investigation and the effect of Lear's emergence from its 2009 Chapter 11 proceedings); the risks inherent in such complex litigation; the likelihood that in the absence of settlement, future proceedings would take several years and be extremely costly; and the magnitude of the benefits resulting from the settlement in light of the possible range of recovery that could be obtained through further litigation, including the risk of no recovery.  Class Plaintiffs' Co-Lead Counsel believe that it is in the best interests of the Direct Purchaser Settlement Class to enter into the proposed settlement and resolve this litigation as to Lear.

This Notice is only a summary of the terms of the proposed settlement.  The Settlement Agreement contains other important provisions, including the release of certain claims against Lear, and you are referred to the Agreement, which is on file with the Clerk of Court and is available on-line at www.autopartsantitrustlitigation.com, for the complete terms of the settlement.  The proposed settlement must receive final approval by the Court in order to become effective.

If you are a member of the Direct Purchaser Settlement Class and the proposed settlement is approved and becomes effective, you will be bound by its terms, including the release provisions.  If you wish to object to approval of the settlement, you may do so, but only in accordance with the procedures set forth below.  If you do not object to the settlement, you do not need to take any action at this time to indicate your support for, or lack of objection to, the settlement.

## HOW DO I REMAIN IN THE SETTLEMENT CLASS AND WHAT HAPPENS IF I DO?

If you are a member of the Direct Purchaser Settlement Class as defined above, you will automatically remain a Settlement Class Member with respect to the Lear settlement unless you elect to be excluded.  If you wish to remain in the Direct Purchaser Settlement Class, you do not need to take any action at this time and your interests will be represented by Direct Purchaser Plaintiffs and by Settlement Class Counsel.  You will have no responsibility to individually pay attorneys' fees or expenses.  Any such fees and expenses will be paid solely from amounts obtained from the Defendants, whether by settlement or judgment, and must be approved by the Court after notice to you and a hearing.  If you choose, you may also have your own attorney enter an appearance on your behalf and at your expense.

If you remain in the Direct Purchaser Settlement Class and the final judgment order dismissing Lear from the litigation becomes final and unappealable, you will be bound by that judgment.

As a member of the Direct Purchaser Settlement Class, you will be eligible to share in the Lear Settlement Fund pursuant to a claims procedure that will begin at a later date. Settlement Class Counsel are not presently asking the Court to distribute the Settlement Fund proceeds to Direct Purchaser Settlement Class Members. If you remain a member of the Direct Purchaser Settlement Class, you will receive additional notice at a later date and you will have an opportunity to object to and be heard in connection with the proposed plan of distribution at that time.

**Do not dispose of any document that reflects your purchases of Wire Harness Products in the United States directly from any Defendant during the period from January 1, 2000 to May 5, 2014. You may need those documents to complete a claim form in the future, which would be subject to inquiry and verification, if the settlement is approved or if damages are otherwise recovered from Lear or another Defendant.**

Settlement Class Counsel are not seeking payment of attorneys' fees or reimbursement of litigation costs incurred by Settlement Class Counsel at this time. In connection with seeking final approval of the Lear settlement, Direct Purchaser Plaintiffs will seek permission from the Court to use up to twenty percent (20%) of the Settlement Fund to pay Direct Purchaser Plaintiffs' litigation expenses, including, but not limited to, costs for economic experts, depositions, costs related to document reproduction and review, and other costs incurred in prosecuting the case.

At a later date, Settlement Class Counsel will ask the Court for an award of attorneys' fees and reimbursement of litigation expenses, as well as payment of incentive awards to the class representatives for their service to the Class.   When Settlement Class Counsel seek payment of attorneys' fees, reimbursement of litigation expenses, and incentive awards from the Settlement Fund, you will receive notice and be given an opportunity to object and be heard by the Court at that time.

## **WHAT IF I DO NOT WANT TO REMAIN IN THE SETTLEMENT CLASS?**

If you wish to exclude yourself from the Direct Purchaser Settlement Class, you must send a request for exclusion, in writing, via certified mail, return receipt requested, **postmarked no later than October 7, 2014**, to Class Plaintiffs' Co-Lead Counsel, and to counsel for Lear, at the addresses set forth below, and to the following address:

> Wire Harness Products Direct Purchaser Antitrust Litigation
> P.O. Box 5110
> Portland, OR 97208-5110

Your request for exclusion must include the full name and address of the purchaser (including any predecessor or successor entities and any trade names).  You are also requested to identify the Defendant(s) from which you purchased Wire Harness Products during the Class Period, the Wire Harness Products purchased, and the dollar amount of those purchases.  If you validly exclude yourself from the Direct Purchaser Settlement Class you will not be bound by any decision concerning the Lear settlement and you may pursue individually any claims you may have against Lear, but you will not be eligible to share in the Settlement Fund created by the Lear settlement.

**WHEN WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT AND HOW CAN I TELL THE COURT WHAT I THINK ABOUT THE SETTLEMENT?**

The Court will hold a hearing on _____, 2014, at _____ __.m., at the Theodore Levin United States Courthouse, 231 West Lafayette Boulevard, Detroit, MI 48226, Courtroom 272, to determine whether the proposed Lear settlement should be approved as fair, reasonable, and adequate. The Court will also consider at the hearing whether to approve Direct Purchaser Plaintiffs' request to utilize a portion of the Settlement Fund to pay Direct Purchaser Plaintiffs' litigation expenses incurred in the prosecution of the case against the non-settling Defendants. The hearing may be continued without further notice.

If you do not exclude yourself from the Direct Purchaser Settlement Class and you wish to object to the Settlement Agreement or Direct Purchaser Plaintiffs' request to utilize a portion of the Settlement Fund to pay Direct Purchaser Plaintiffs' litigation expenses, you must do so in writing. Your objection must include the caption of this litigation, must be signed, and be **filed no later than October 7, 2014**, with the Clerk of Court, United States District Court for the Eastern District of Michigan, Southern Division, Theodore Levin United States Courthouse, 231 West Lafayette Boulevard, Detroit, MI 48226, and mailed to the following counsel:

Steven A. Kanner
FREED KANNER LONDON
  & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL  60015
Telephone:  (224) 632-4500

Joseph C. Kohn
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA  19107
Telephone:  (215) 238-1700

Gregory P. Hansel
PRETI, FLAHERTY, BELIVEAU
  & PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME  04112-9546
Telephone:  (207) 791-3000

Eugene A. Spector
SPECTOR ROSEMAN KODROFF
  & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone:  (215) 496-0300

*Class Plaintiffs' Co-Lead Counsel*

Howard B. Iwrey                     Andrew S. Marovitz
DYKEMA GOSSETT PLLC                 MAYER BROWN LLP
39577 Woodward Avenue, Suite 300    71 S. Wacker Drive
Bloomfield Hills, MI 48304          Chicago, IL 60606
Telephone: (248) 203-0526           Telephone: (312) 782-0600

*Counsel for Lear Corporation*

If you do not object to the proposed Lear settlement or Direct Purchaser Plaintiffs' request to utilize a portion of the Settlement Fund to pay Direct Purchaser Plaintiffs' litigation expenses, you do not need to appear at the hearing or take any other action at this time.

### WHAT SHOULD I DO IF I WANT ADDITIONAL INFORMATION OR IF MY ADDRESS CHANGES?

If this Notice reached you at an address other than the one on the mailing label, or if your address changes, please send your correct address to the above referenced Post Office Box.

The Settlement Agreement, Complaint, and other public documents filed in this litigation are available for review during normal business hours at the offices of the Clerk of Court, United States District Court for the Eastern District of Michigan, Southern Division, Theodore Levin United States Courthouse, 231 West Lafayette Boulevard, Detroit, MI 48226. Copies of the Settlement Agreement and certain other documents relevant to this litigation are available at www.autopartsantitrustlitigation.com. Questions concerning the proposed Lear settlement, this Notice, or the litigation, may be directed to any of the Settlement Class Counsel identified above.

**Please do <u>not</u> contact the Clerk of the Court or the Judge.**

Dated: _____, 2014          BY ORDER OF:

                                        The United States District Court for the Eastern
                                        District of Michigan, Southern Division

# EXHIBIT B

**IF YOU PURCHASED WIRE HARNESS PRODUCTS DIRECTLY FROM LEAR, DENSO, GS ELECTECH, FUJIKURA, FURUKAWA, SUMITOMO, TOKAI RIKA, OR YAZAKI  BETWEEN JANUARY 1, 2000 AND MAY 5, 2014 YOUR LEGAL RIGHTS MAY BE AFFECTED BY A PROPOSED SETTLEMENT WITH LEAR CORPORATION**

A proposed $4.75 million settlement has been reached in *In re Automotive Parts Antitrust Litigation*, MDL 2311, 12-cv-00101-MOB-MKM (E.D. Mich.), with defendant Lear Corporation ("Lear").

**What is the lawsuit about?**   This class action litigation, and the proposed settlement, relates solely to Wire Harness Products purchased **directly** from a defendant (as defined below). These proceedings do not relate to, and have no effect upon, cases involving any other product or purchaser.  As detailed below, Lear denies all of the Direct Purchaser Plaintiffs' allegations in this action and has agreed to settle the matter in order to avoid the expense and burden of further litigation.

Wire harnesses are electrical distribution systems used to direct and control electronic components, wiring, and circuit boards in motor vehicles.  "Wire Harness Products," for purposes of the Lear settlement, means wire harnesses and the following related products: automotive electrical wiring, lead wire assemblies, cable bond, automotive wiring connectors, automotive wiring terminals, high voltage wiring, electronic control units, fuse boxes, relay boxes, junction blocks, power distributors, and speed sensor wire assemblies used in motor vehicles.

Direct Purchaser Plaintiffs allege that defendants entered into a conspiracy to suppress and eliminate competition for Wire Harness Products by agreeing to rig bids for, and to raise, fix, stabilize, or maintain the prices of, Wire Harness Products, in violation of federal antitrust laws. Direct Purchaser Plaintiffs further allege that as a result of the conspiracy, they and other direct

purchasers of Wire Harness Products were injured by paying more for those products than they should have paid, and seek recovery of treble damages, together with reimbursement of costs and an award of attorneys' fees.

Lear denies the Direct Purchaser Plaintiffs' allegations, and the Court has not issued any findings or rulings with respect to the merits of Direct Purchaser Plaintiffs' claims or defendants' defenses.  This is a settlement with Lear only.  The litigation is continuing against the remaining defendants.

**Who is included?**  The Settlement Class is composed of purchasers of Wire Harness Products in the United States directly from any defendant during the period from January 1, 2000 through May 5, 2014 (the "Settlement Class Period").  For purposes of the proposed settlement, the following entities are defendants**:**  Denso Corporation; Denso International America, Inc.; Fujikura Ltd.; Fujikura Automotive America LLC; Furukawa Electric Co., Ltd.; American Furukawa, Inc.; Furukawa Wiring Systems America, Inc. f/k/a Furukawa Lear Corporation and Lear Furukawa Corporation; G.S. Electech, Inc., G.S. Wiring Systems Inc., and G.S.W. Manufacturing, Inc.; Lear Corporation; Sumitomo Electric Industries, Ltd.; Sumitomo Wiring Systems, Ltd.; Sumitomo Electric Wiring Systems, Inc.; K&S Wiring Systems, Inc.; Sumitomo Wiring Systems (U.S.A.); Yazaki Corporation; Yazaki North America, Inc.; Tokai Rika Co., Ltd.; and TRAM, Inc.

A Notice of Proposed Settlement ("Notice") was mailed to potential Settlement Class Members on or about August 18, 2014.  The Notice describes the litigation and options available to Direct Purchaser Settlement Class members with respect to the Lear settlement in more detail.  If you have not received the Notice you may obtain a copy on the internet at

www.autopartsantitrustlitigation.com, or by calling or writing to the following Class Plaintiffs'

Co-Lead Counsel:

Gregory P. Hansel
PRETI, FLAHERTY, BELIVEAU
   & PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME  04112-9546
Telephone:  (207) 791-3000

Joseph C. Kohn
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA  19107
Telephone:  (215) 238-1700

Steven A. Kanner
FREED KANNER LONDON
   & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL  60015
Telephone:  (224) 632-4500

Eugene A. Spector
SPECTOR ROSEMAN KODROFF
   & WILLIS, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone:  (215) 496-0300

**What does the settlement provide?**  Lear has agreed to pay the amount of $4.75 million

(the "Settlement Fund") and to provide the Direct Purchaser Plaintiffs with information they may

use in the prosecution of their remaining claims.

**Your rights may be affected**.  If you purchased Wire Harness Products in the United

States directly from any defendant during the Class Period, you will automatically remain a

Direct Purchaser Settlement Class member as to the Lear settlement unless you elect to be

excluded.  If you wish to remain in the Direct Purchaser Settlement Class, you do not need to

take any action at this time and your interests will be represented by Direct Purchaser Plaintiffs

and by Class Plaintiffs' Co-Lead Counsel.

If you do not want to be bound by the Lear settlement, you must submit a written request

for exclusion, **postmarked no later than October 7, 2014.**  If you validly exclude yourself from

the Direct Purchaser Settlement Class you will not be bound by any decision concerning the Lear

settlement and you can pursue individually any claims you may have against Lear, but you will

not be eligible to share in the Settlement Fund created by the Lear settlement.

If you stay in the Settlement Class, you have the right to object to the proposed Lear settlement and to Direct Purchaser Plaintiffs' request to utilize a portion of the Settlement Fund to pay for litigation expenses, by following the procedures set forth in the Notice.  Your objection must be **filed no later than October 7, 2014**.

The Court has scheduled a hearing on _____, 2014, to consider whether to approve the proposed settlement and Direct Purchaser Plaintiffs' request to utilize a portion of the Settlement Fund to pay Direct Purchaser Plaintiffs' litigation expenses.  The hearing may be continued without further notice.

If you believe you are a member of the Direct Purchaser Settlement Class, you are urged to obtain a copy of the detailed Notice, which discusses your rights regarding the Lear settlement.

If you have questions concerning this litigation, you may contact Class Plaintiffs' Co-Lead Counsel identified above.  **Please do _not_ contact the Clerk of the Court or the Judge.**

Dated: _____, 2014          BY ORDER OF:

                                        The United States District Court for the Eastern
                                        District of Michigan, Southern Division