## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : : | 12-md-02311 Honorable Marianne O. Battani |
| In Re: WIRE HARNESS CASES | : : : | |
| THIS RELATES TO: ALL DIRECT PURCHASER CASES | : : : | 2:12-cv-00101-MOB-MKM |

### SETTLEMENT CLASS COUNSEL'S REPORT ON DISSEMINATION OF NOTICE OF PROPOSED SETTLEMENT BETWEEN THE DIRECT PURCHASER PLAINTIFFS AND DEFENDANT LEAR CORPORATION AND CLASS MEMBERS' RESPONSE

Settlement Class Counsel submit the following report concerning the dissemination of notice pursuant to this Court's Order of July 9, 2014 (2:12-cv-00101, Doc. No. 162), and Settlement Class members' response to the notice program. As described more fully below, notice was disseminated in accordance with the Court's Order. Not a single objection was filed to either the proposed settlement or to Settlement Class Counsel's request to use a portion of the Settlement Fund to pay for litigation expenses, and only three opt-out requests were submitted. Settlement Class Counsel respectfully submit that the absence of objections and small number of opt-outs militate strongly in favor of approval of the proposed settlement, and the litigation expense request.

### I.  DISSEMINATION OF NOTICE TO THE CLASS

A declaration by Erica Stevenson, a Project Manager employed by Epiq Class Action & Claims Solutions ("Epiq"), the Notice and Claims Administrator retained by Direct Purchaser

Plaintiffs, describing the dissemination of notice to potential Settlement Class members is attached hereto as Exhibit 1.

Pursuant to the Court's July 9th Order, on August 18, 2014, Epiq caused 3,535 copies of the Notice of Proposed Settlement of Direct Purchaser Class Action With Defendant Lear Corporation and Hearing on Settlement Approval ("Notice") to be mailed to potential Settlement Class members by first class mail, postage prepaid. Exhibit 1 at ¶ 6. Epiq also re-mailed returned notices for which updated addresses were obtained. *Id*. at ¶ 7.

Also in accordance with the Court's Order, the Summary Notice of Proposed Settlement of Direct Purchaser Class Action With Defendant Lear Corporation and Hearing on Settlement Approval ("Summary Notice") was published in one edition of *Automotive News*, and in the national edition of *The Wall Street Journal,* on August 25, 2014. *Id*. at ¶ 9. In addition, copies of the Notice and Summary Notice were (and remain) posted on-line at www.autopartsantitrustlitigation.com, a website dedicated to this litigation. *Id*. at ¶ 10.

Notice to the Direct Purchaser Settlement Class under Fed. R. Civ. P. 23 has, therefore, been provided as ordered by the Court.

## II. OBJECTIONS TO THE PROPOSED SETTLEMENT AND EXPENSE REQUEST

The Notice advised that any objection to the proposed settlement, or to Settlement Class Counsel's request to use up to 20% of the Settlement Fund to pay for litigation expenses had to be filed with the Clerk by October 17, 2014, with copies mailed to Settlement Class Counsel and to Lear's counsel.

No objections were filed with the Court or sent to Settlement Class Counsel by the October 17, 2014 deadline. Additionally, Settlement Class Counsel have received no objections as of this date.

**III. REQUESTS FOR EXCLUSION**

The Notice further advised that requests for exclusion from the Settlement Class had to be sent to Settlement Class Counsel and Lear's counsel, postmarked no later than October 17, 2014.

Timely opt-out requests were submitted by the following three entities: Saab Automobile AB (aka Saab Automotive AB); Ford Motor Company; and AutoAlliance International, Inc.[1] As of this date, no additional request for exclusion has been received by Settlement Class Counsel.[2]

**IV. THE REACTION OF THE SETTLEMENT CLASS SUPPORTS APPROVAL OF THE SETTLEMENT AND LITIGATION EXPENSE REQUEST**

The reaction of the class has been recognized repeatedly by courts within this Circuit and elsewhere as an important factor in evaluating the fairness, reasonableness, and adequacy of a proposed settlement. *E.g.*, *Sheick v. Auto. Component Carrier LLC*, No. 2:09–cv–14429, 2010 WL 4136958, at *22 (E.D. Mich. Oct. 18, 2010) ("scarcity of objections – relative to the number of class members overall – indicates broad support for the settlement among Class Members."); *In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508, 527 (E.D. Mich. 2003) ("That the overwhelming majority of class members have elected to remain in the Settlement Class, without objection, constitutes the 'reaction of the class,' as a whole, and demonstrates that the Settlement is 'fair, reasonable, and adequate.'"); *In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.*, 248 F.R.D. 483, 499 (E.D. Mich. 2008) (small number of opt-outs or objections is indicative of the

---

[1] The 7 specific entities on whose behalf Saab, Ford and AutoAlliance requested exclusion are set forth in Exhibit 2.

[2] As noted in the Memorandum in Support of Direct Purchaser Plaintiffs' Motion for Final Approval of Proposed Settlement With Defendant Lear Corporation (2:12-cv-00101, Doc. No. 186, page 4 n. 5), the Settlement Agreement provides that Lear has the option of rescinding the agreement if the "Total Opt-Out Percentage" exceeds an agreed upon percentage. Because this percentage was not exceeded, the rescission option may not be exercised.

adequacy of the settlement); *Hyland v. HomeServices of America*, No. 3:05–CV–612–R., 2012 WL 1575310, at *7 (W.D. Ky. May 3, 2012) (absence of objectors weighs in favor of the settlement). *Accord In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001) (finding that "vast disparity between the number of potential class members who received notice of the Settlement and the number of objectors creates a strong presumption that this factor weighs in favor of the Settlement"); *In re Auto. Refinishing Paint Antitrust Litig.*, 617 F.Supp.2d. 336, 342 (E.D. Pa. 2007) ("The fact that an overwhelming majority of the Class did not file objections is a significant element to consider in determining the overall fairness of the settlements."); *In re Residential Doors Antitrust Litig.*, No. 94–3744, Civ.A. 96–2125, MDL 1039, 1998 WL 151804, at *7 (E.D. Pa. April 2, 1998) (small number of exclusions and absence of objections "militates strongly in favor of approval" of proposed settlement).

In this action, notice of the proposed settlement was mailed to approximately 3,500 Settlement Class members, published in *Automotive News* and in *The Wall Street Journal,* and posted on-line. Not a single objection has been raised to either the terms of the proposed settlement or to Settlement Class Counsel's request to use up to 20% of the Settlement Fund to pay for litigation expenses, and only three opt-out requests were submitted. Such an overwhelmingly favorable response by members of the Settlement Class, which includes many sophisticated entities with the resources to litigate their claims independently, militates strongly in favor of approval of the proposed settlement and the litigation expense request.

## V.  CONCLUSION

Based upon the foregoing, and for the reasons set forth in Direct Purchaser Plaintiffs' Motion For Final Approval of Proposed Settlement With Defendant Lear Corporation and Request to Utilize Part of the Settlement Fund to Pay for Litigation Expenses, and the

Memorandum in support thereof, it is respectfully requested that the Court grant final approval of both the proposed settlement and the litigation expense request.

DATED: November 12, 2014

Respectfully submitted,

*/s/ David H. Fink*
David H. Fink (P28235)
Darryl Bressack (P67820)
FINK + ASSOCIATES LAW
100 West Long Lake Road, Suite 111
Bloomfield Hills, MI 48304
(248) 971-2500

Interim Liaison Counsel for the Direct Purchaser Plaintiffs

| | |
|---|---|
| Steven A. Kanner<br>William H. London<br>Michael E. Moskovitz<br>Michael L. Silverman<br>FREED KANNER LONDON<br>  & MILLEN LLC<br>2201 Waukegan Road, Suite 130<br>Bannockburn, IL  60015<br>Telephone:  (224) 632-4500 | Joseph C. Kohn<br>William E. Hoese<br>Douglas A. Abrahams<br>KOHN, SWIFT & GRAF, P.C.<br>One South Broad Street, Suite 2100<br>Philadelphia, PA  19107<br>Telephone:  (215) 238-1700 |
| Gregory P. Hansel<br>Randall B. Weill<br>Michael S. Smith<br>PRETI, FLAHERTY, BELIVEAU<br>  & PACHIOS LLP<br>One City Center, P.O. Box 9546<br>Portland, ME  04112-9546<br>Telephone:  (207) 791-3000 | Eugene A. Spector<br>William G. Caldes<br>Jonathan M. Jagher<br>Jeffrey L. Spector<br>SPECTOR ROSEMAN KODROFF<br>  & WILLIS, P.C.<br>1818 Market Street, Suite 2500<br>Philadelphia, PA  19103<br>Telephone:  (215) 496-0300 |

Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs