## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : | Master File No. 12-md-02311 Honorable Marianne O. Battani |
| In Re: WIRE HARNESS CASES | : : : | |
| THIS RELATES TO: ALL DIRECT PURCHASER CASES | : : : | 2:12-cv-00101-MOB-MKM |

**SETTLEMENT CLASS COUNSEL'S REPORT ON DISSEMINATION
OF NOTICE OF PROPOSED SETTLEMENTS WITH G.S. ELECTECH
AND TOKAI RIKA DEFENDANTS AND CLASS MEMBERS' RESPONSE**

Settlement Class Counsel submit the following report concerning the dissemination of notice pursuant to this Court's Orders of October 21, 2016 (2:12-cv-00101, Doc. Nos. 319, 320) (the "Notice Orders"), and Settlement Class members' response to the notice program. As described more fully below, notice was disseminated in accordance with the Court's Orders. Not a single objection was filed to either of the proposed settlements or to Settlement Class Counsel's request to use a portion of the Settlement Funds to pay for litigation expenses, and only one opt-out request was submitted. Settlement Class Counsel respectfully submit that the absence of objections and small number of opt-outs militate strongly in favor of approval of the proposed settlements, and the litigation expense request.

**I.    DISSEMINATION OF NOTICE TO THE CLASSES**

A declaration by Guy J. Thompson, a Project Manager employed by Epiq Class Action & Claims Solutions ("Epiq"), the Notice and Claims Administrator retained by Direct Purchaser

Plaintiffs, describing the dissemination of notice to potential Settlement Class members is attached hereto as Exhibit 1.

Pursuant to the Court's Notice Orders, on November 10, 2016, Epiq caused 3,874 copies of the Notice of Proposed Settlement of Direct Purchaser Class Action With G.S. Electech and Tokai Rika Defendants and Hearing on Settlement Approval (the "Notice") to be mailed to potential Settlement Class members by first class mail, postage prepaid. Exhibit 1 at ¶ 6. Epiq also re-mailed returned notices for which updated addresses were obtained. *Id.* at ¶ 7. In addition, a copy of the Notice was (and remains) posted online at www.autopartsantitrustlitigation.com, a website dedicated to this litigation. *Id.* at ¶ 10.

Also in accordance with the Notice Orders, the Summary Notice of Proposed Settlements of Direct Purchaser Class Action With G.S. Electech and Tokai Rika Defendants and Hearing on Settlement Approval (the "Summary Notice") was published in one edition of *Automotive News*, and in the national edition of *The Wall Street Journal,* on November 21, 2016. *Id.* at ¶ 9.

Notice to the Direct Purchaser Settlement Class under Fed. R. Civ. P. 23 has, therefore, been provided as ordered by the Court.

## II. OBJECTIONS TO THE PROPOSED SETTLEMENTS AND EXPENSE REQUEST

The Notice advised that any objection to the proposed settlements, or to Settlement Class Counsel's request to use up to 20% of the Settlement Funds to pay for litigation expenses had to be filed with the Clerk by January 4, 2017, with copies mailed to Settlement Class Counsel and to G.S. Electech's and Tokai Rika's counsel.

No objections were filed with the Court or sent to Settlement Class Counsel by the January 4, 2017 deadline, and none have been received by Settlement Class Counsel as of the date of the filing of this Report.

## III. <u>REQUESTS FOR EXCLUSION</u>

The Notice further advised that requests for exclusion from the Settlement Classes had to be sent to Settlement Class Counsel and to the Settling Defendants' counsel, postmarked no later than January 4, 2017.

No requests for exclusion from the G.S. Electech Settlement Class were received. A timely request to opt-out of the Tokai Rika Settlement Class was submitted by the one entity, Ford Motor Company.[1] As of this date, no additional request for exclusion from either Settlement Class has been received by Settlement Class Counsel.

Settlement Class Counsel respectfully submit that, for the reasons set forth in the Memorandum in Support, the G.S. Electech and Tokai Rika settlements, which provide for settlement payments totaling $3.9 million together with substantial cooperation by the Settling Defendants, are fair, reasonable and adequate under the relevant criteria, and warrant final approval.

## IV. THE REACTION OF THE SETTLEMENT CLASSES SUPPORTS APPROVAL OF THE SETTLEMENTS AND LITIGATION EXPENSE REQUEST

The reaction of the class has been recognized repeatedly by courts within this Circuit and elsewhere as a factor in evaluating the fairness, reasonableness, and adequacy of a proposed settlement. *E.g.*, *Sheick v. Auto. Component Carrier LLC*, No. 2:09–cv–14429, 2010 WL 4136958, at *22 (E.D. Mich. Oct. 18, 2010) ("scarcity of objections – relative to the number of class members

overall – indicates broad support for the settlement among Class Members."); *In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508, 527 (E.D. Mich. 2003) ("That the overwhelming majority of class members have elected to remain in the Settlement Class, without objection, constitutes the 'reaction of the class,' as a whole, and demonstrates that the Settlement is 'fair, reasonable, and adequate.'"); *In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.*, 248 F.R.D. 483, 499 (E.D. Mich. 2008) (small number of opt-outs or objections is indicative of the adequacy of the settlement); *Hyland v. HomeServices of America*, No. 3:05–CV–612–R., 2012 WL 1575310, at *7 (W.D. Ky. May 3, 2012) (absence of objectors weighs in favor of the settlement).  *Accord In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001) (finding that "vast disparity between the number of potential class members who received notice of the Settlement and the number of objectors creates a strong presumption that this factor weighs in favor of the Settlement"); *In re Auto. Refinishing Paint Antitrust Litig.*, 617 F.Supp.2d. 336, 342 (E.D. Pa. 2007) ("The fact that an overwhelming majority of the Class did not file objections is a significant element to consider in determining the overall fairness of the settlements."); *In re Residential Doors Antitrust Litig.*, No. 94–3744, Civ.A. 96–2125, MDL 1039, 1998 WL 151804, at *7 (E.D. Pa. April 2, 1998) (small number of exclusions and absence of objections "militates strongly in favor of approval" of proposed settlement).

Individual notice of the proposed settlement was mailed to almost 3,900 potential Settlement Class members identified by Defendants, published in *Automotive News* and in *The Wall Street Journal,* and posted online.  Not a single objection has been raised to either the terms of the proposed settlements or to Settlement Class Counsel's request to use up to 20% of the Settlement

---

[1] The three entities on whose behalf Ford requested exclusion are Ford Motor Company, Ford Motor Company of Canada Limited, and Ford Motor Company S.A. de D.F.

Funds to pay for litigation expenses, and only one opt-out request (to the Tokai Rika settlement only) was submitted. Such an overwhelmingly favorable response by members of the Settlement Classes, which include many sophisticated entities with the resources to litigate their claims independently, militates strongly in favor of approval of the proposed settlements and the litigation expense request.

## V. CONCLUSION

Based upon the foregoing, and for the reasons set forth in Direct Purchaser Plaintiffs' Motion For Final Approval of Proposed Settlements With G.S. Electech and Tokai Rika Defendants and Request to Utilize Part of the Settlement Funds to Pay for Litigation Expenses, and the Brief in support thereof, it is respectfully requested that the Court grant final approval of the proposed settlements and the litigation expense request.

DATED: January 13, 2017                          Respectfully submitted,

/s/ David H. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
FINK + ASSOCIATES LAW
38500 Woodward Ave; Suite 350
Bloomfield Hills, MI 48304
(248) 971-2500

*Interim Liaison Counsel for the Direct Purchaser Plaintiffs*

| | |
|---|---|
| Steven A. Kanner | Joseph C. Kohn |
| William H. London | William E. Hoese |
| Michael E. Moskovitz | Douglas A. Abrahams |
| FREED KANNER LONDON | KOHN, SWIFT & GRAF, P.C. |
|   & MILLEN LLC | One South Broad Street, Suite 2100 |
| 2201 Waukegan Road, Suite 130 | Philadelphia, PA  19107 |
| Bannockburn, IL  60015 | Telephone:  (215) 238-1700 |
| Telephone:  (224) 632-4500 | |
| | |
| Gregory P. Hansel | Eugene A. Spector |
| Randall B. Weill | William G. Caldes |
| Michael S. Smith | Jonathan M. Jagher |
| PRETI, FLAHERTY, BELIVEAU | Jeffrey L. Spector |
|   & PACHIOS LLP | SPECTOR ROSEMAN KODROFF |
| One City Center, P.O. Box 9546 |   & WILLIS, P.C. |
| Portland, ME  04112-9546 | 1818 Market Street, Suite 2500 |
| Telephone:  (207) 791-3000 | Philadelphia, PA  19103 |
| | Telephone:  (215) 496-0300 |

*Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on January 13, 2017, I electronically filed the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to all counsel of record registered for electronic filing.

                                        FINK + ASSOCIATES LAW

                                        By: /s/Nathan J. Fink
                                        David H. Fink (P28235)
                                        Darryl Bressack (P67820)
                                        Nathan J. Fink (P75185)
                                        38500 Woodward Ave; Suite 350
                                        Bloomfield Hills, MI  48304
                                        (248) 971-2500
                                        nfink@finkandassociateslaw.com