**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| In Re: WIRE HARNESS CASES | |
| THIS RELATES TO:<br><br>Direct Purchaser Actions | 2:12-cv-00101-MOB-MKM |

**DENSO CORPORATION AND DENSO INTERNATIONAL AMERICA, INC.'S REPLY IN SUPPORT OF THEIR MOTION TO STRIKE DIRECT PURCHASER PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS**

DPPs' Response to DENSO's Motion to Strike DPPs' Statement of Undisputed Facts[1] ("DPPs' Response") is premised on the notion that the most "efficient" way for DPPs to respond to DENSO's Motion for Summary Judgment and accompanying Statement of Undisputed Material Facts, which together totaled 20 pages, was for DPPs to file 74 pages of opposition briefing—a 20-page opposition brief[2] ("DPPs' Opposition brief" or "Opp.") and a 15-page Response to DENSO's Statement of Undisputed Material Facts[3], plus a 39-page so-called Statement of Undisputed Facts[4] ("DPPs' Statement of Facts" or "DPPs' SOF"), which is the subject of this Motion to Strike. DPPs' Response at 2. That is absurd. Any argument that DPPs' 74-page opposition is either "succinct" or "coherent," as DPPs contend, *id.*, is belied by the fact that it is nearly three times the length allowed under the Local Rules, almost four times the maximum prescribed by this Court's Practice Guidelines, almost twice the length of DENSO's Motion for Summary Judgment and Reply combined, and almost completely irrelevant.

DPPs' assertion that DENSO moved to strike in order "to avoid having its Motion for Summary Judgment decided on a complete record" is simply disingenuous. *Id.* at 1. DENSO moved to strike *only* DPPs' Statement of Facts, even though DPPs' Opposition brief and Response to DENSO's Statement of Undisputed Material Facts, combined, considerably exceed the page limit under the Local Rules. But enough is enough. DPPs' obligation under Fed. R. Civ. P. 56(c)(1)(A) to cite "particular parts of materials in the record" to respond to DENSO's Statement of Undisputed Material Facts does not entitle DPPs to throw together such a jumble of record evidence and insist that somewhere in this haphazard assemblage of documents and

---

[1] 2:12-cv-00101, ECF No. 415 (Feb. 17, 2017).
[2] 2:12-cv-00101, ECF Nos. 387–88 (Jan. 17, 2017).
[3] 2:12-cv-00101, ECF Nos. 391–92 (Jan. 17, 2017).
[4] 2:12-cv-00101, ECF Nos. 389–90 (Jan. 17, 2017).

testimony is proof sufficient to create a triable issue with respect to DPPs' claims against DENSO. DPPs' 39-page Statement of Facts is clearly intended to bury the Court in irrelevant and inaccurate minutiae in an effort to conceal the utter lack of evidence to support DPPs' claims both of a 27-Defendant, 13-part "Wire Harness Products" conspiracy and of DENSO's agreement to participate in any such mega-conspiracy.

DPPs have failed to show that their 39-page Statement of Facts is in any way necessary, nor have they offered any legitimate reason for failing to seek leave of this Court to file it before doing so. Their Statement of Facts serves no legitimate purpose and should be struck.

More than one-third of DPPs' Statement of Facts (¶¶ 19–20, 49–53, 55–73) is referenced in DPPs' Opposition brief only as part of single, blanket citation to nearly the entire Statement. *See* Opp. at 4 (citing to DPPs' SOF ¶¶ 19–73 in its entirety, which comprises 27 of the 39 pages of DPPs' Statement of Facts). Other portions of DPPs' Statement of Facts (¶¶ 13–18) are never cited at all in their Opposition brief. DPPs avoid specific reference to any of these paragraphs because they are irrelevant and/or redundant. For example, DPPs spend half a dozen pages in their Statement of Facts describing various so-called "Wire Harness Parts" that DENSO never sold, needlessly repeating what is laid out in the Declaration of William Sprague (Ex. 13 to DPPs' SOF), and regurgitating entirely irrelevant facts with which this Court is already familiar. *See* DPPs' SOF ¶¶ 13–17; *Unan v. Lyon*, No. 2:14-CV-13470, 2016 WL 107193, at *3 (E.D. Mich. Jan. 11, 2016) (striking statement of facts where "the Court is very familiar with the facts of this case" and "[m]any of the uncontested facts . . . are reiterative of what is already contained in the Complaint and other documents….").

Numerous other paragraphs in DPPs' Statement of Facts have nothing to do with DENSO at all. While these paragraphs consist of sweeping generalizations that purportedly

pertain to all "Defendants," they are in fact supported only by evidence of conduct by Defendants *other than DENSO*, and have no reference or connection to DENSO whatsoever. *See, e.g.,* DPPs' SOF ¶¶ 32–38 (█████████████████████████ █████████████████████). Absent some demonstrated link to DENSO, everything in these paragraphs is entirely irrelevant, and they serve only as an attempt to cloud the actual issues in dispute.

The only paragraphs in DPPs' Statement of Facts that even mention DENSO are based upon evidence regarding DENSO that is limited almost entirely to DENSO's sales of body ECUs, none of which is relevant to proving either the existence of the broader alleged mega-conspiracy or DENSO's participation in it. First, DPPs make a number of sweeping generalized assertions about "Defendants'" conduct, without specifying any particular product, but then, regarding DENSO, cite only evidence concerning sales of body ECUs to ███████



Second, DPPs use the last ten pages of their Statement of Facts to describe "DENSO's price fixing conduct." *Id.* ¶¶ 49–73. But again, those ten pages are limited to evidence of DENSO's contacts with ██████ and ██████ with respect to certain sales of body ECUs to

3

▆▆, and with ▆▆ with respect to certain sales of body ECUs to ▆▆. DENSO has never denied these contacts concerning body ECUs, and indeed asserted them as "undisputed" in DENSO's own Statement of Undisputed Material Facts, ¶¶ 36–38, 2:12-cv-00101, ECF No. 331 (Nov. 14, 2016). DPPs clearly do not need ten pages in a third brief merely to recite evidence about which there is generally no dispute[5] and none of which supports the existence of, or DENSO's participation in, any broader conspiracy involving any "Wire Harness Products" other than body ECUs, much less the 27-Defendant, 13-part mega-conspiracy upon which DPPs base their claim. No amount of such useless detail about DENSO's sales of body ECUs could ever prove such a claim.

Other than a few paragraphs (unnecessarily) reproducing the language of certain guilty pleas, DPPs' Opposition brief specifically relies only on a few paragraphs in their Statement of Facts about ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ to attempt to show the existence of the DPPs' purported 27-Defendant, 13-Product mega-conspiracy and DENSO's participation in it. *See* DPPs' SOF ¶¶ 22–30; 42–48; Opp. at 5–10. For the reasons stated in DENSO's Reply in Support of Their Motion for Summary Judgment, 2:12-cv-00101, ECF Nos. 410–11 (Feb. 13, 2017), the evidence concerning these "facts" does not even come close to raising a genuine dispute as to DENSO's participation in any conspiracy involving any "Wire Harness Product" other than body ECUs, much less DPPs' purported mega-conspiracy. And again, DPPs' treatment of these issues in their Opposition brief suffices to make their (baseless) point. Opp. at 5–10. DPPs' Statement adds nothing but unnecessary pages.

---

[5] Although it is irrelevant for purposes of DENSO's Motion for Summary Judgment, DPPs do overstate and mischaracterize the evidence concerning DENSO's competitor contacts with respect to certain sales of body ECUs to ▆▆▆ and ▆▆.

DPPs flaunted the Local Rules regarding page limits, in particular by filing their 39-page Statement of Facts, causing their total briefing to nearly triple the prescribed length, and they plainly failed to respond to DENSO's simple, straightforward Motion for Summary Judgment "as succinctly as possible." DPPs' Response at 1. While DPPs attempt to pass off their belated, retroactive request for permission to exceed the page limits as a solution to this problem, *id.* at 2–3, that argument is disingenuous given that DPPs did not even make this request until after DENSO moved to strike. DPPs have not and cannot provide a reasonable justification for forcing DENSO and the Court to wade through their excessive, irrelevant, and improperly filed Statement of Facts. Therefore, DENSO asks that the Court strike it.

Respectfully submitted,

WILMER CUTLER PICKERING
 HALE AND DORR LLP

February 20, 2017         By:    */s/ Steven F. Cherry*
                                 Steven F. Cherry
                                 David P. Donovan
                                 Jennifer Rimm
                                 WILMER CUTLER PICKERING
                                  HALE AND DORR LLP
                                 1875 Pennsylvania Avenue, NW
                                 Washington, D.C. 20006
                                 Tel.: (202) 663-6000
                                 Fax: (202) 663-6363
                                 steven.cherry@wilmerhale.com
                                 david.donovan@wilmerhale.com
                                 jennifer.rimm@wilmerhale.com

                                 *Attorneys for Defendants DENSO Corporation and DENSO International America, Inc.*

                                 Steven M. Zarowny (P33362)
                                 General Counsel
                                 DENSO International America, Inc.
                                 24777 Denso Drive

5

Southfield, MI 48033
Tel.: (248) 372-8252
Fax: (248) 213-2551
steve_zarowny@denso-diam.com

*Attorney for Defendant DENSO International America, Inc.*

6

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2017, I caused the foregoing DENSO Corporation and DENSO International America, Inc.'s Reply in Support of Their Motion to Strike Direct Purchaser Plaintiffs' Statement of Undisputed Facts to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                          */s/ Steven F. Cherry*
Steven F. Cherry
WILMER CUTLER PICKERING HALE
AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
steven.cherry@wilmerhale.com

*Attorney for Defendants DENSO Corporation and DENSO International America, Inc.*