UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
                                            :
In Re:  AUTOMOTIVE PARTS                     :    12-md-02311
ANTITRUST LITIGATION                         :    Honorable Marianne O. Battani
_____     :
                                            :
In Re: WIRE HARNESS CASES                    :
_____     :
                                            :
THIS DOCUMENT RELATES TO:                    :    2:12-cv-00101-MOB-MKM
ALL DIRECT PURCHASER ACTIONS  :                   2:14-cv-13773-MOB-MKM
_____  :

### ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT AGREEMENT BETWEEN DIRECT PURCHASER PLAINTIFFS AND LEONI AND ENTERING DISMISSAL WITH PREJUDICE

Paesano Connecting Systems, Inc.; Craft-Co Enterprises, Inc.; Findlay Industries, Inc.; Cesar-Scott, Inc.; Martinez Manufacturing, Inc.; South Star Corporation; and ACAP, L.L.C., f/k/a Aguirre, Collins & Aikman Plastics, LLC (the "Direct Purchaser Plaintiffs") on behalf of themselves and the Settlement Class members, and Defendants LEONI Wiring Systems, Inc. and Leonische Holding Inc. (collectively, "LEONI") entered into a Settlement Agreement to fully and finally resolve the Settlement Class's claims against LEONI and the other Releasees.  On April 6, 2017, the Court entered an Order granting preliminary approval of the proposed settlement ("Preliminary Approval Order").  On May 5, 2017, the Court entered an Order authorizing the Direct Purchaser Plaintiffs to disseminate notice of the LEONI settlement, the fairness hearing, and related matters to the Settlement Class.  Notice was provided to the Settlement Class pursuant to the Preliminary Approval Order and the Court held a fairness hearing on August 8, 2017.

{00169805 }

Having considered the Direct Purchaser Plaintiffs' Motion for Final Approval of Proposed Settlement with the LEONI Defendants, oral argument presented at the fairness hearing, and the complete record in this matter,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.      This Court has jurisdiction over the subject matter of this litigation.

2.      Terms capitalized in this Order and Final Judgment and not otherwise defined herein have the same meanings as those used in the Settlement Agreement.

3.      The Preliminary Approval Order outlined the form and manner by which the Direct Purchaser Plaintiffs would provide the Settlement Class with notice of the settlement, the fairness hearing, and related matters.  The notice program included individual notice via first class mail to members of the Settlement Class who could be identified through reasonable efforts, as well as the publication of a summary notice in *The Wall Street Journal* and in *Automotive News*, and posting of the Notice on the Internet on a website dedicated to this litigation.  Proof that mailing, publication and posting conformed with the Preliminary Approval Order has been filed with the Court.  This notice program fully complied with Fed. R. Civ. P. 23, and the requirements of due process.  It provided due and adequate notice to the Settlement Class.

4.      The settlement was attained following an extensive investigation of the facts.  It resulted from vigorous arm's-length negotiations, which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

5.      The settlement was entered into by the parties in good faith.

6.      Final approval of the settlement with LEONI is hereby granted pursuant to Fed. R. Civ. P. 23(e), because it is "fair, reasonable, and adequate" to the Settlement Class.  In

reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, the Settlement Class's reaction to the settlement, and the result achieved.

7.      The Settlement Class provisionally certified by the Court in its Preliminary Approval Order is hereby certified as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and is composed of: "All individuals and entities (excluding Defendants and their present and former parents, subsidiaries, and affiliates) who purchased Wire Harness Products in the United States directly from one or more Defendants from January 1, 2000 through December 13, 2016." The Court adopts and incorporates herein all findings made under Rule 23 in its Preliminary Approval Order.

8.      The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of the rights of any Defendant to contest certification of any other class proposed in these coordinated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any Defendant's motion, and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

9.      The entities identified on Exhibit "A" hereto have timely and validly requested exclusion from the Settlement Class and, therefore, are excluded. Such entities are not included in or bound by this Order and Final Judgment. Such entities are not entitled to any recovery from the settlement proceeds obtained through this settlement.

10.      The Action, the LEONI Action, and all Direct Purchaser Plaintiffs' claims asserted in the Action or Leoni Action against LEONI and any of the other Releasees, are hereby dismissed with prejudice with respect to LEONI and the other Releasees and without costs. The

{00169805 }                                                3

Releasors are barred from instituting or prosecuting, in any capacity, an action or proceeding that asserts a Released Claim against any of the Releasees.  This dismissal applies only in favor of LEONI and the other Releasees.

11.     The Escrow Account, plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

12.     Neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

13.     This Order and Final Judgment does not settle or compromise any claims by the Direct Purchaser Plaintiffs or the Settlement Class against any other Defendant or other person or entity other than LEONI and the other Releasees, and all rights against any other Defendant or other person or entity are specifically reserved.

14.     Without affecting the finality of this Order and Final Judgment, the Court retains exclusive jurisdiction over: (a) the enforcement of this Order and Final Judgment; (b) the enforcement of the Settlement Agreement; (c) any application for distribution of funds, attorneys' fees or reimbursement made by Plaintiffs' Counsel; (d) any application for incentive awards for the Direct Purchaser Plaintiffs; and (e) the distribution of the settlement proceeds to Settlement Class members.

15.     Pursuant to Fed. R. Civ. P. 54, the Court finds that there is no just reason for delay and hereby directs the entry of judgment as to LEONI, LEONI AG, LEONI Kabel GmbH, LEONI Wire Inc., and LEONI Bordnetz-Systeme GmbH.

**IT IS SO ORDERED.**

Date:  August 25, 2017                                    s/Marianne O. Battani
                                                          MARIANNE O. BATTANI
                                                          United States District Judge

**EXHIBIT "A"**

**AUTOMOTIVE PARTS ANTITRUST LITIGATION, 12-MD-02311,**
**WIRE HARNESS PRODUCTS, 2:12-CV-00101-MOB-MKM**

REQUESTS FOR EXCLUSION FROM THE DIRECT
PURCHASER LEONI SETTLEMENT CLASS

**FORD**

Ford Motor Company
Ford Motor Company of Canada Limited
Ford Motor Company S.A. de C.V.

**FUJIKURA AUTOMOTIVE EUROPE SAU**

**MKEM, SPOL. S.R.O.**

**ICOM NORTH AMERICA, LLC**

**SEIREN NORTH AMERICA, LLC, DBA VISCOTEC AUTOMOTIVE PRODUCTS LLC**

**TOYOTA**

Toyota North America, Inc.
Toyota Motor North America, Inc.
Toyota Motor Engineering & Manufacturing North America, Inc.
Toyota Motor Manufacturing, Mississippi, Inc.
Toyota Motor Manufacturing, Indiana, Inc.
Toyota Motor Manufacturing, Kentucky, Inc.
Toyota Motor Manufacturing
Toyota Motor Corporate Service
Toyota Motors of America
Toyota Motor Manufacturing of Baja California S.de. RL de C.V.
Toyota Motor Manufacturing, West Virginia, Inc.
Toyota Motor Manufacturing, Alabama, Inc.
Toyota Motor Manufacturing, Texas, Inc.
Toyota Motor Manufacturing, Canada
Toyota Motor Corporation
Toyota Motor Engineering
New United Motor Manufacturing, Inc.

{00169805 }