UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
                                            :
In Re: AUTOMOTIVE PARTS          :   Case No. 12-md-02311
ANTITRUST LITIGATION             :   Honorable Marianne O. Battani
_____:
                                            :
In Re: WIRE HARNESS CASES        :
_____:
                                            :
THIS DOCUMENT RELATES TO:        :   2:12-cv-00101-MOB-MKM
ALL DIRECT PURCHASER ACTIONS  :
_____ :

**ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENTS
WITH FURUKAWA AND MITSUBISHI ELECTRIC DEFENDANTS AND
AUTHORIZING DISSEMINATION OF NOTICE TO THE DIRECT PURCHASER
FURUKAWA AND MITSUBISHI ELECTRIC SETTLEMENT CLASSES**

Upon consideration of the Direct Purchaser Plaintiffs' Motion for Preliminary Approval of Direct Purchaser Plaintiffs' respective Proposed Settlements with the Furukawa[1] and Mitsubishi Electric[2] Defendants (collectively, the "Settling Defendants"), Provisional Certification of Direct Purchaser Furukawa and Mitsubishi Electric Settlement Classes, and Authorization to Disseminate Class Notice, a Motion to which all Settling Defendants consent, and the Memorandum in Support thereof ("Preliminary Approval Memorandum"), it is hereby ORDERED as follows:

1.    The Motion is hereby **GRANTED**.

2.    Terms used in this Order that are defined in the Furukawa and Mitsubishi Settlement Agreements are, unless otherwise defined herein, used in this Order as they are defined in those Agreements.

---

[1] The Furukawa Defendants are Furukawa Electric Co., Ltd. and American Furukawa, Inc.

[2] The Mitsubishi Electric Defendants are Mitsubishi Electric Corporation; Mitsubishi Electric US Holdings, Inc.; and Mitsubishi Electric Automotive America, Inc.

{00185623 }

Preliminary Approval of Furukawa and Mitsubishi Electric Settlement Agreements

3. The terms of the Furukawa Settlement Agreement are hereby preliminarily approved as being fair, reasonable, and adequate to the Furukawa Settlement Class, subject to a Fairness Hearing. The Court finds that the Furukawa Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given to members of the proposed Furukawa Settlement Class.

4. The terms of the Mitsubishi Electric Settlement Agreement are hereby preliminarily approved as being fair, reasonable, and adequate to the Mitsubishi Electric Settlement Class, subject to a Fairness Hearing. The Court finds that the Mitsubishi Electric Settlement Agreement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given to members of the proposed Mitsubishi Electric Settlement Class.

Class Certification

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed Furukawa and Mitsubishi Electric Settlements, the Court hereby finds that the prerequisites for a class action have been met as to each of the proposed Settlement Classes. The Court provisionally certifies the following class for purposes of the Furukawa Settlement (the "Furukawa Settlement Class"):

> All individuals and entities (excluding Defendants and their present and former parents, subsidiaries, joint ventures and affiliates) that purchased Wire Harness Products in the United States directly from one or more Defendants, any current or former subsidiary, joint venture, or affiliate of any Defendant, or any alleged co-conspirator of one or more of the Defendants, during the period from January 1, 2000 through December 13, 2016.

The Court provisionally certifies the following class for purposes of the Mitsubishi Electric Settlement (the "Mitsubishi Electric Settlement Class"):

> All individuals and entities who purchased Wire Harness Products in the United States directly from one or more Defendants (or their subsidiaries, affiliates, or joint ventures) from January 1, 2000 through December 13, 2016. Excluded from the Settlement Class are Defendants, their present and former parent companies, subsidiaries, and affiliates, federal governmental entities and instrumentalities of the federal government, and states and their subdivisions, agencies and instrumentalities.

6. For purposes of each of the Settlement Classes, the following entities are Defendants: Chiyoda Manufacturing Corporation; Denso Corporation; Denso International America, Inc.; Fujikura Ltd.; Fujikura Automotive America LLC; Furukawa Electric Co., Ltd.; American Furukawa, Inc.; Furukawa Wiring Systems America, Inc. f/k/a Furukawa Lear Corporation and Lear Furukawa Corporation; G.S. Electech, Inc.; G.S. Wiring Systems Inc.; G.S.W. Manufacturing, Inc.; Lear Corporation; LEONI Wiring Systems, Inc.; Leonische Holding Inc.; Mitsubishi Electric Corporation; Mitsubishi Electric US Holdings, Inc.; Mitsubishi Electric Automotive America, Inc.; Sumitomo Electric Industries, Ltd.; Sumitomo Wiring Systems, Ltd.; Sumitomo Electric Wiring Systems, Inc.; K&S Wiring Systems, Inc.; Sumitomo Wiring Systems (U.S.A.), Inc.; Tokai Rika Co., Ltd.; TRAM, Inc.; Yazaki Corporation; and Yazaki North America, Inc.

7. The Court finds that provisional certification of the Settlement Classes is warranted in light of the Furukawa and Mitsubishi Electric Settlement Agreements because, with respect to each Settlement Class: (a) the Settlement Class is so numerous that joinder is impracticable; (b) the Class Representatives' claims present common issues and are typical of the claims of the Settlement Class; (c) the Class Representatives and Settlement Class Counsel (identified below)

will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that the Class Representatives' interests are aligned with the interests of all other members of their respective Settlement Class. The Court also finds that settlement of this action on a class basis as set forth in the Settlement Agreements is superior to other means of resolving the matter.

### Appointment of Class Representatives and Settlement Class Counsel

8. The Court hereby appoints Plaintiffs Paesano Connecting Systems, Inc.; Craft-Co Enterprises, Inc.; Findlay Industries, Inc.; Cesar-Scott, Inc.; Martinez Manufacturing, Inc.; South Star Corporation; and ACAP, L.L.C., f/k/a Aguirre, Collins & Aikman Plastics, LLC to serve as Class Representatives for the Furukawa and Mitsubishi Electric Settlement Classes.

9. The Court hereby appoints the law firms of Freed Kanner London & Millen LLC; Kohn, Swift & Graf, P.C.; Preti, Flaherty, Beliveau & Pachios LLP; and Spector Roseman & Kodroff, P.C. to serve as Settlement Class Counsel for the Furukawa and Mitsubishi Electric Settlement Classes, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by these appointments.

### Notice to Potential Furukawa and Mitsubishi Electric Settlement Class Members

10. The Court approves the form and content of: (a) the Notice of Proposed Settlements of Direct Purchaser Class Action with the Furukawa and Mitsubishi Electric Defendants and Hearing on Final Settlement Approval and Related Matters, and Claim Form ("Notice"), attached as Exhibit 3 to the Preliminary Approval Memorandum; and (b) the Summary Notice of Proposed Settlements of Direct Purchaser Class Action with the Furukawa and Mitsubishi Electric Defendants and Hearing on Final Settlement Approval and Related Matters ("Summary Notice"), attached as Exhibit 4 to the Preliminary Approval Memorandum.

11. The Court finds that the mailing and publication of the Notice and Summary Notice, respectively, in the manner set forth herein constitute the best notice practicable under the circumstances and are valid, due and sufficient notice to all persons entitled thereto and comply fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States.

12. On or before August 16, 2018, the Notice, in substantially the same form as Exhibit 3 to the Preliminary Approval Memorandum, shall be mailed by first class mail, postage prepaid, to all potential members of the Furukawa and Mitsubishi Electric Settlement Classes identified by Defendants. The Notice shall also be provided to all persons who request it. In addition, a copy of the Notice shall be posted on the Internet at www.autopartsantitrustlitigation.com, the website dedicated to this litigation.

13. On or before August 27, 2018, Settlement Class Counsel shall cause the Summary Notice, in substantially the same form as Exhibit 4 to the Preliminary Approval Memorandum, to be published in one national edition of The Wall Street Journal and in one edition of Automotive News.

14. On or before September 17, 2018, Settlement Class Counsel shall file with the Court their motion or motions for: final approval of the proposed Furukawa and Mitsubishi Electric Settlements; approval of a proposed plan of distribution of the Furukawa and Mitsubishi Electric settlement funds; and an award from the Furukawa and Mitsubishi Electric settlement funds of Direct Purchaser Plaintiffs' reasonable attorneys' fees, litigation costs and expenses.

15. All requests for exclusion from either the Furukawa or Mitsubishi Electric Settlement Classes must be in writing, postmarked no later than October 5, 2018, and must otherwise comply with the requirements set forth in the Notice.

16. Any objection by any member of the Furukawa or Mitsubishi Electric Settlement Classes to either of the Proposed Settlements, the proposed plan of distribution of the Furukawa and Mitsubishi Electric settlement funds, or the motion for an award from the Furukawa and Mitsubishi Electric settlement funds of reasonable attorneys' fees, litigation costs and expenses, must be in writing, must be filed with the Clerk of Court and postmarked no later than October 5, 2018, and must otherwise comply with the requirements set forth in the Notice.

17. Each member of the Furukawa Settlement Class shall retain all rights and causes of action with respect to claims against any Defendant other than Furukawa Electric Co., Ltd. and American Furukawa, Inc., regardless of whether such member of the Settlement Class decides to remain in, or request exclusion from, the Furukawa Settlement Class.

18. Each member of the Mitsubishi Electric Settlement Class shall retain all rights and causes of action with respect to claims against any Defendant other than Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US Holdings, Inc., and Mitsubishi Electric Automotive America, Inc., regardless of whether such Settlement Class member decides to remain in, or request exclusion from, the Mitsubishi Electric Settlement Class.

19. At least ten (10) days before the date fixed by this Court for the Fairness Hearing, Settlement Class Counsel shall file with the Court affidavits or declarations of the person under whose general direction the mailing and posting of the Notice, and publication of the Summary Notice, were made, showing that mailing, posting and publication were made in accordance with this Order.

20. The Court will hold a Fairness Hearing on November 8, 2018, at 10:00 a.m. , at the Theodore Levin U.S. Courthouse, Courtroom 737, 231 West Lafayette Blvd., Detroit MI, 48226 (or such other courtroom as may be assigned for the hearing), to determine whether to approve:

(1) the Proposed Settlements with the Furukawa and Mitsubishi Electric Defendants as fair, reasonable and adequate; (2) the proposed plan of distribution of the Furukawa and Mitsubishi Electric settlement funds; and (3) Settlement Class Counsel's request for an award of Direct Purchaser Plaintiffs' reasonable attorneys' fees, litigation costs and expenses.  Any Settlement Class member who follows the procedure set forth in the Notice may appear and be heard at this hearing.  The Fairness Hearing may be rescheduled, adjourned or continued, and the courtroom assigned for the hearing may be changed, without further notice to the Settlement Classes.

21. Any Settlement Class member who wishes to participate in the distribution of the Furukawa or Mitsubishi Electric settlement funds may either rely on the Claim Form that it previously submitted in connection with prior settlements in this litigation or may submit a Claim Form that would relate only to the Furukawa and Mitsubishi Electric settlements.  Any Settlement Class member that chooses the latter option must submit a Claim Form in accordance with the instructions therein, postmarked no later than November 14, 2018.

### Other Provisions

22. In the event that the Furukawa Settlement Agreement is terminated in accordance with its provisions, that Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of the Direct Purchaser Plaintiffs, the Furukawa Defendants, and the members of the Furukawa Settlement Class.

23. The Court's provisional certifications of the Furukawa and Mitsubishi Electric Settlement Classes as provided herein are without prejudice to, or waiver of, the rights of any Defendant to contest certification of any other class proposed in these coordinated actions.  The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify

any class in these actions or on the Court's rulings concerning any Defendant's motion, and no party may cite or refer to the Court's approval of the Furukawa or Mitsubishi Electric Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

24. The Court approves the escrow accounts referenced in the Furukawa and Mitsubishi Settlement Agreements as qualified settlement funds ("QSFs") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation or administration of the QSFs. Settlement Class Counsel are authorized to use funds from the QSFs in accordance with the Furukawa and Mitsubishi Electric Settlement Agreements, including to pay costs of notice, taxes, tax expenses and settlement administration costs.

25. The Direct Purchaser Class litigation against the Furukawa and Mitsubishi Electric Defendants is stayed except to the extent necessary to effectuate the Settlement Agreement.

**IT IS SO ORDERED.**

Date:  July 27, 2018                                     s/Marianne O. Battani
                                                         MARIANNE O. BATTANI
                                                         United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 27, 2018.

                                                         s/ Kay Doaks
                                                         Case Manager